UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALTIN MUHARREMI, | : | CIVIL ACTION NO.: |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | December 16, 2016 |
| | : | |
| PREMIER LIMOUSINE, LLC | : | |
| PREMIER BUS LINES, Inc., and, | : | |
| STEPHEN DIMARCO | : | |
| | : | |
|     Defendants | : | |

## COMPLAINT

**I.     INTRODUCTION**

1. Plaintiff, Altin Muharremi (hereinafter Plaintiff or Muharremi), brings this action against Defendants, Premier Limousine, LLC, Premier Bus Lines, Inc., and Stephen DiMarco (collectively "Defendants) for damages arising from violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et. seq.*, the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. Section 31-58 *et. seq.*, Connecticut common law and Connecticut's statutory theft provision, Conn. Gen. Stat. § 52-564.

2. Under federal and state wage laws, employees must be compensated at 1.5 times their regular rate of employment for all hours over 40 worked in a week, unless they qualify for a statutory exemption.  Despite this statutory requirement, Defendants failed to pay Plaintiff overtime premiums for the weeks that he worked in excess of 40 hours.  In failing to pay Plaintiff overtime premiums, Defendants violated section 31-76(c) of the Connecticut Minimum Wage Act and section 207(a)(1) of the Fair Labor Standards Act.

3. In addition to violating federal and state wage laws, Defendants routinely withheld a portion of the money that they collected from customers in the form of tips for Plaintiff's services as a driver.  Defendants' conduct violated Connecticut's statutory theft provision in that they intentionally and without authorization deprived Plaintiff of property belonging to him.  In addition, Defendants' conduct constituted conversion in that Defendants, to the exclusion of Plaintiff's rights, exercised unauthorized dominion over Plaintiff's gratuities, to which Plaintiff had the right of possession.  Finally, Defendants were unjustly enriched by their conduct in retaining a portion of Plaintiff's tips.

## II.     PARTIES

4. Plaintiff, Altin Muharremi, is an adult resident of Newington, Connecticut.  Plaintiff was employed by Defendants as a full time driver from approximately February 2016 until November 27, 2016.

5. Defendant Premier Limousine, LLC, is a Connecticut limited liability corporation with its principal place of business located at 76 Fuller Way, Berlin, CT.  At all times relevant to this Complaint, Premier Limousine, LLC, was Plaintiff's employer within the meaning of the FLSA and CMWA.

6. Defendant Premier Bus Lines, Inc., is a Connecticut corporation with its principal place of business located at 76 Fuller Way, Berlin, CT.  At all relevant times, Premier Bus Lines, Inc., was Plaintiff's employer within the meaning of the FLSA and CMWA.

7. Defendant Stephen DiMarco is the owner of Premier Limousine, LLC.

8. At all times relevant to this Complaint, Stephen DiMarco was the individual within Premier Limousine, LLC, with the ultimate authority to set Plaintiff's hours of employment and pay his wages and was the direct cause for Premier Limousine's failure

to pay wages as set forth below.  Accordingly, Stephen DiMarco was Plaintiff's employer within the meaning of the FLSA and CMWA for the hours worked for Premier.

9. Defendant Stephen DiMarco is the owner of Premier Bus Lines, Inc.  At all relevant times, Stephen DiMarco was the individual within Premier Bus Lines with the ultimate authority to set Plaintiff's hours of employment and pay his wages and was the direct cause of Premier Bus Lines' failure to pay wages as set forth below.  Accordingly, Stephen DiMarco was Plaintiff's employer within the meaning of the FLSA and CMWA for the hours worked for Premier Bus Lines.

10. During the time frame covered by this action, Defendants, Premier Limousine, Premier Bus Lines and Stephen DiMarco, were collectively Plaintiff's joint employers and as such, are individually and jointly liable for compliance with the FLSA and CMWA, including their respective overtime provisions.  Plaintiff worked for Defendants at different times during the workweek, and Defendants arranged to share Plaintiff's services.  Defendants set Plaintiff's hours for each workweek in a manner that allowed him to work for Premier Limousine and Premier Bus Lines without conflict.  In addition, by reason of Defendant DiMarco's control over Defendant Premier Limousine and Defendant Premier Bus Lines, Defendants were not completely disassociated with respect to the employment of Plaintiff.  Defendant DiMarco is the owner of both Premier Limousine and Premier Bus Lines.  Defendants have the same business address, share the same office and use the same dispatchers.  At all relevant times, Defendants operated on the same payroll schedule, and each Defendant compensated Plaintiff on the same day of the week as the other.  Also, Defendant Premier Limousine and Defendant Premier Bus Lines park their vehicles in the same parking lot.  Premier Bus Lines' website includes a

direct link to Premier Limousine's website, http://www.premierbuslines.com/ (last accessed on December 6, 2016), and Premier Bus Lines advertises its fleet of vehicles on Premier Limousine's website at http://www.premierlimo.net/fleet (last accessed on December 6, 2016). Premier Limousine's website also provides customers with the same contact information for booking transportation services as does Premier Bus Lines' website, http://www.premierlimo.net/; http://www.premierbuslines.com/ (last accessed on December 6, 2016).

### III.    JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331.

12. This Court has supplemental jurisdiction over Plaintiffs' CMWA, statutory theft, conversion and unjust enrichment claims pursuant to 28 U.S.C. Section 1367 because those claims are so related to FLSA cause of action that they form part of the same case or controversy.

13. Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

### IV.    STATEMENT OF FACTS

14. Defendants provide luxury ground transportation services within Connecticut and across state lines.

15. Defendant Premier Limousine's fleet includes limousines and other vehicles that weigh 10,000 pounds or less and that are not designed to transport more than 8 passengers for compensation ("small vehicles").

16. Defendant Premier Bus Lines' fleet includes buses and other vehicles that weigh more than 10,000 pounds and that are designed to transport more than 8 passengers for compensation ("large vehicles").

17. At all relevant times to this action, Plaintiff was employed as a full time driver for Defendants and in that capacity, transported Defendants' customers to and from locations within Connecticut and surrounding states.

18. Pursuant to the terms of his employment, Plaintiff was compensated at an hourly rate of $9.60 as a driver for Premier Limousine, Inc., and was entitled to a 20% gratuity charge that Defendants routinely collect from their customers.

19. Pursuant to the terms of his employment, Plaintiff was compensated at an hourly rate of $14.00 as a driver for Premier Bus Lines, Inc., and was entitled to a 20% gratuity charge that Defendants routinely collect from their customers.

20. At the time customers enter into an agreement for transportation services with Defendants, customers are informed that they will incur a 20% gratuity charge for the driver. Defendants, not the drivers, collect the 20% gratuity charge directly from the customers.

21. Throughout the course of Plaintiff's employment, Defendants gave him only a portion of the 20% gratuity charges collected from the customers whom Plaintiff serviced.

22. Throughout the course of his employment, Plaintiff operated small vehicles for Premier Limousine during the same work weeks in which he operated large vehicles for Premier Bus Lines. Defendants jointly employed Plaintiff for more than 40 hours per week, but did not pay Plaintiff overtime premiums for the hours worked in excess of 40 each workweek.

23. For example, for the work week beginning on September 26, 2016, Plaintiff operated sedans, limousines and SUV's for Premier Limousine, LLC, and was paid an hourly rate of $9.60 for a total of 28.25 hours. During that same work week, Plaintiff operated a shuttle as well as limo buses and mini buses for Premier Bus Lines, Inc., and was paid an hourly rate of $14.00 for a total of 47.97 hours. Accordingly, for the work week beginning on September 26, 2016, Plaintiff worked a total of 76.22 hours. Defendants did not pay Plaintiff at 1.5 times his regular work rate for the hours worked over 40.

24. For example, for the work week beginning on September 18, 2016, Plaintiff operated an SUV and a sedan for Premier Limousine, LLC, and was paid an hourly rate of $9.60 for a total of 15.75 hours. During that same work week, Plaintiff operated mini buses, limo buses and an executive luxury van for Premier Bus Lines, Inc., and was paid an hourly rate of $14.00 for a total of 56.75 hours. Accordingly, for the work week beginning on September 18, 2016, Plaintiff worked a total of 72.5 hours. Defendants did not compensate Plaintiff at 1.5 times his regular rate for the hours worked over 40.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

25. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for weeks when Plaintiff worked more than 40 hours, Defendants violated Section 207(a)(1) of the Fair Labor Standards Act.

26. As a direct and proximate result of Defendants' illegal conduct as set forth above, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages.

27. Pursuant to 29 U.S.C. Section 216(b), Plaintiff is entitled to an amount equal to the overtime compensation owed to him, liquidated damages in an additional equal amount, attorneys' fees and court costs.

## COUNT II

### VIOLATION OF CONNECTICUT MINIMUM WAGE ACT

28. Defendants violated Section 31-76c of the Connecticut Minimum Wage Act in failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for weeks during which he worked more than 40 hours.

29. As a direct and proximate result of Defendants' illegal conduct as set forth above, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages.

30. Pursuant to Conn. Gen. Stat. Section 31-68, Plaintiff is entitled to recover twice the full amount of overtime compensation owed to him, with costs and reasonable attorneys' fees.

## COUNT III

### STATUTORY THEFT

31. As set forth above, at all relevant times, Defendants informed customers that they would incur a 20% gratuity charge for the driver's services. Defendants did routinely collect such gratuity charges directly from the customers but failed to give Plaintiff the full amount of the gratuity collected.

32. Plaintiff was entitled to the 20% gratuity charge that Defendants routinely collected directly from the customers whom Plaintiff serviced. By withholding and keeping for

their own use a portion of Plaintiff's tips, Defendants intentionally and without authorization deprived Plaintiff of property belonging to him.

33. Defendant's conduct constitutes theft within the meaning of Conn. Gen. Stat. Section 52-564, which provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

34. Defendants' conduct was wanton and malicious because they knew that the 20% gratuity charge that they collected belonged to the Plaintiff, and they were aware that they did not provide Plaintiff with the full 20% gratuity.  By failing to give Plaintiff the full amount of gratuity collected for his services, Defendants acted with a reckless indifference to and/or intentional disregard for Plaintiff's rights.

35.  As a direct and proximate result of Defendants' theft, Plaintiff sustained damages, including but not limited to the amount of gratuity withheld.

36. Plaintiff is entitled to recover treble the amount of the tips that were withheld from him and costs and attorneys' fees.

## COUNT IV

### CONVERSION

37. The 20% gratuity charge that Defendants routinely collected from the customers whom Plaintiff serviced belongs to Plaintiff.  In withholding a portion of Plaintiff's tips, Defendants exercised unauthorized dominion over the same to the exclusion of Plaintiff's rights.  Accordingly, Defendants' conduct constitutes conversion.

38. Defendants' conduct was wanton and malicious because they knew that the 20% gratuity charge that they collected belonged to the Plaintiff, and they were aware that they did not provide Plaintiff with the full 20% gratuity.  By failing to give Plaintiff the full amount of

gratuity collected for his services, Defendants acted with a reckless indifference to and/or intentional disregard for Plaintiff's rights.

39. As a direct and proximate result of Defendants' illegal conduct as set forth above, Plaintiff has suffered and continues to suffer damages, including but not limited to an amount equal to that of the gratuity collected by Defendants but withheld from Plaintiff.

40. Plaintiff is entitled to recover the amount of gratuity withheld from him, costs and attorneys' fees.

## COUNT V

## UNJUST ENRICHMENT

41. In withholding Plaintiff's tips, Defendants were unjustly enriched because they benefited at the expense of Plaintiff and, to the detriment of Plaintiff, failed to pay him for such benefit. It would be unjust to allow Defendants to retain the benefit which they inured at Plaintiff's expense.

42. Defendants' conduct was wanton and malicious because they knew that the 20% gratuity charge that they collected from customers belonged to the Plaintiff, and they knew that they failed to give Plaintiff the entire amount of the tip collected. By failing to give Plaintiff the full amount of gratuity collected for his services, Defendants acted with a reckless indifference to and/or intentional disregard of Plaintiff's rights.

43. As a direct and proximate result of Defendants' illegal conduct as set forth above, Plaintiff has suffered and continues to suffer damages, including but not limited to an amount equal to that of the gratuity collected by Defendants but withheld from Plaintiff.

44. Plaintiff is entitled to recover the amount of gratuity withheld from him, costs and attorneys' fees

WHEREFORE, Plaintiff prays that this Court grant him appropriate relief, including:

a. Unpaid overtime wages under the FLSA and the CMWA;

b. Liquidated damages under the FLSA;

c. Penalty damages under the CMWA.

d. Interests and costs;

e. Attorneys' fees under the FLSA and the CMWA;

f. An amount equal to three times of the gratuity charges owed, as allowed under Conn. Gen. Stat. § 52-564;

g. Common law punitive damages as to Plaintiff's claim set forth in Count IV and Count V;

h. Any and all other relief that the court deems just and equitable.

Plaintiff, Altin Muharremmi

By_____
Richard E. Hayber
Fed. Bar No. ct11629
The Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorney for Plaintiff